# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 10, 2012

## CEDRIC DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 93-08934      James C. Beasley, Jr., Judge**

---

**No. W2011-01864-CCA-MR3-CO  - Filed September 11, 2012**

---

The petitioner, Cedric Davis, appeals the summary denial of his petition for writ of error coram nobis.  Following our review, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Cedric Davis, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Pamela Fleming, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1996, the petitioner was convicted by a Shelby County Criminal Court jury of first degree premeditated murder and sentenced to life in prison.  His conviction was affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal.  State v. Cedric Davis, No. 02C01-9610-CR-00352, 1997 WL 576483, at *1 (Tenn. Crim. App. Sept. 16, 1997), perm. app. denied (Tenn. Apr. 13, 1998).  Our direct appeal opinion contains the following summary of the evidence in support of the petitioner's conviction:

The State's proof at trial showed that at approximately 5:30 p.m. on April 30, 1993, [the petitioner], Kedrick Crutcher ("Pokey") and Kavious

Jenkins ("Teddy Bear") were traveling in an automobile looking for Phillip Thomas. Both [the petitioner] and Jenkins were carrying weapons. They asked a group of people if Phillip Thomas lived in the home at 219 Silver Maple. One person in the group, Marcel Pratcher, identified the [petitioner] as the person who was armed with what appeared to be a TECH-9 weapon and who stated, "tell Phillip I'm going to kill his momma and then he's going to be next."

[The petitioner], Crutcher and Jenkins pulled into the driveway at 219 Silver Maple. Two of the men jumped out of the car and began shooting. Laura Warren, Phillip Thomas' grandmother, was shutting the front door when she was hit by one of the bullets. She died of a gunshot wound to the chest. The victim's granddaughter and another person in the neighborhood identified the [petitioner] as one of the gunmen.

Id.

The petitioner presented two witnesses as part of an alibi defense that he had been at a Memphis hotel at the time of the shooting. Id. Also testifying in the petitioner's defense was Kavious Jenkins, who "claimed that [the petitioner] was not involved in the incident and insisted the shooting was carried out by Crutcher, himself and a man named 'Butter.'" Id. In rebuttal, the State presented a letter in the handwriting of the petitioner in which the writer asked Crutcher to assist Jenkins in blaming the shooting on a man named "Butter." In addition, an employee of the hotel testified that the hotel had no record of the petitioner's having been a guest at the time of the shooting. Id.

The petitioner subsequently filed a petition for post-conviction relief based on a claim of ineffective assistance of counsel, which was denied. This court affirmed the denial of the petition, and our supreme court denied the petitioner's application for permission to appeal. Cedric Davis aka Cedric Booker v. State, No. W2004-02505-CCA-R3-PC, 2006 WL 211822, at *1 (Tenn. Crim. App. Jan. 24, 2006), perm. app. denied (Tenn. May 30, 2006).

On May 25, 2011, the petitioner filed a petition for writ of error coram nobis in which he raised a claim of newly discovered exculpatory evidence. Specifically, the petitioner alleged that he had recently discovered reports "from and drafted by Memphis homicide investigators" which would have resulted in "a totally different outcome" had they been available to him at trial. According to the petitioner, these police reports revealed, among other things, that his co-defendant, Crutcher, was identified by one or more witnesses as the man who fired the Tech-9 gun at the victim's residence. The petitioner asserted that he was unable to raise these issues in any earlier proceeding because his trial counsel never informed

him of the documents and he was, therefore, unaware of their existence until a family member later examined the police file. The petitioner further asserted that due process considerations should toll the statute of limitations in his case because of his lack of knowledge of the existence of the police reports and the fact that his incarceration had prevented him from "more diligently investigat[ing] the issues."

On June 6, 2011, the trial court entered a written order summarily denying the petition on the basis that it was untimely, that there were no due process considerations requiring that the statute of limitations be tolled, and that the alleged newly discovered evidence was available to the petitioner at the time of trial and would not have affected the verdict of the jury. Thereafter, this court waived the timely filing of the petitioner's notice of appeal, and the petitioner subsequently filed a notice of appeal on September 26, 2011.

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2006).

The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We review this issue, therefore, under an abuse of discretion standard.

We find no abuse of discretion in the trial court's dismissal of the petition on the basis that it was not only untimely but also failed to state a cognizable claim for error coram nobis relief. The statute of limitations for filing a petition for writ of error coram nobis is one year from the date the judgment becomes final in the trial court. See Tenn. Code Ann. §§ 40-26-105, 27-7-103; Mixon, 983 S.W.2d at 667. Thus, the time limit had long expired by

the time the petitioner filed his petition. Moreover, as the trial court noted, the alleged newly discovered exculpatory evidence was neither unavailable to the petitioner or his counsel at the time of trial nor exculpatory.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE